NO. 07-09-0099-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2009
                                       ______________________________

VICTOR D. WALLACE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-418,755; HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ABATEMENT AND REMAND
          Following a jury trial, appellant, Victor D. Wallace, was convicted of indecency with
a child. Punishment was assessed at confinement for a period of sixty years. The clerk's
record was filed on May 12, 2009 and the reporter's record was filed on June 30, 2009.
Appellant's counsel requested and received two extensions of time, making the appellate
brief due to be filed on September 30, 2009. No brief was filed by that deadline.
 
           By letter dated October 8, 2009, this Court notified appellant's appointed counsel,
Maxwell C. Peck, III, the brief was past due, and explained that failure to file the brief by
October 19, 2009, would result in the appeal being abated and the cause remanded to the
trial court for further proceedings. See Tex. R. App. P. 38.8(b)(2) and (3). To date, the brief
remains unfiled.
          Consequently, we abate the appeal and remand the cause to the trial court for
further proceedings. On remand, the trial court shall immediately cause notice of a hearing
to be given and, thereafter, conduct a hearing to determine the following:
          1. whether appellant is indigent;
          2. whether appellant desires to prosecute the appeal; and
3. whether appellant has been denied the effective assistance of counsel due to
appellate counsel's failure to timely file an appellate brief.
          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeals. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed
1) a supplemental clerk's record containing the findings of fact and conclusions of law and
2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before November 30, 2009. Should
additional time be needed to perform these tasks, the trial court may request same on or
before November 30, 2009.
          It is so ordered.
                                                                           Per Curiam 
 
 
Do not publish.



lling law. The trial court had a mandatory duty
to transfer this suit affecting the parent-child relationship to Cottle County because the
undisputed fact is that the child’s principle residence was in that county for at least six
months prior to commencement of the modification suit. By denying Dozier’s motion to
transfer venue, the trial court abused its discretion. 
Conclusion
          Because Dozier does not have an adequate remedy at law, we conditionally grant
the mandamus relief requested. We trust that Judge Sirmon will vacate her order denying
the motion to transfer and transfer the underlying proceeding to Cottle County, Texas. The
writ will issue only if she fails to do so.
          
                                                                           Patrick A. Pirtle

                                                                                Justice





Quinn, C.J., dissenting.